UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GOLDSMITH ENTERPRISES, LLC., a Nevada limited liability company,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br>U.S. BANK, N.A., et al.,<br>　　　　　　　　Defendants. | Case No. 2:15-cv-00991-MMD-PAL<br><br>ORDER |
| U.S. BANK, NATIONAL ASSOCIATION, AS TRUSTEE FOR HARBOWVIEW MORTGAGE LOAN TRUST 2005-8, MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2005-8,<br><br>　　　　　　　　Counterclaimant,<br>　　v.<br>GOLDSMITH ENTERPRISES LLC.,<br>　　　　　　　　Counterclaim-Defendant. | |

**I.     INTRODUCTION**

This order addresses Plaintiff Goldsmith Enterprise LLC's ("Goldsmith") Motion to Remand to State Court. (Dkt. no. 10.) Goldsmith filed this action in Eighth Judicial District Court in Clark County, Nevada, asserting a number of claims related to a homeowner's association ("HOA") super priority lien on real property in Las Vegas. (Dkt. no. 1-2.) Goldsmith, a Nevada limited liability company, named U.S. Bank, a Minnesota

based corporation, and Absolute Collection Services, LLC ("ACS"), a Nevada limited liability company, as defendants. (*Id.*)[1] U.S. Bank removed the case to this Court based on the argument that "ACS" was a fraudulent defendant joined to defeat diversity. (Dkt. no. 1 ¶ 23.) According to U.S. Bank, once ACS is disregarded, there is complete diversity between the parties, giving this Court jurisdiction.

Goldsmith argues that ACS was legitimately joined, diversity jurisdiction exists, and this Court should grant its motion to remand. (Dkt. no. 10 at 4.)

For the reasons set out below, the Motion to Remand is denied.

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). However, courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction *must* be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (emphasis added). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

To establish subject matter jurisdiction pursuant to diversity of citizenship under § 1332(a), the party asserting jurisdiction must show: (1) complete diversity of citizenship among opposing parties and (2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a).

A defendant may remove a suit from a state court to federal court only if it could have been filed there originally. *See* 28 U.S.C. § 1441(a) (2006); *see also Caterpillar,*

---

[1] Although it does not affect the Court's analysis of the Motion to Remand, after the motion was filed, ACS was dismissed from this suit because no proof of service was filed, pursuant to Fed. R. Civ. P. 4(m). (Dkt. no. 16.)

*Inc. v. Williams*, 482 U.S. 386, 392 (1987). However, if a defendant has been "fraudulently joined," that defendant's citizenship is ignored when determining diversity and removability. *See Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir.1998) ("[I]t is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds."). A party is fraudulently joined "[i]f a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (citations omitted); *Knutson v. Allis–Chalmers Corp.*, 358 F.Supp.2d 983, 993 (D.Nev.2005).

Typically when assessing removability, the Court will look only at the plaintiff's pleadings. However, where fraudulent joinder is an issue, "[t]he defendant seeking removal to the federal court is entitled to present facts showing the joinder to be fraudulent." *Ritchey*, 139 F.3d at 1318 (quoting *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987)).

**III.   DISCUSSION**

In the complaint, which centers on the foreclosure of an HOA lien, Goldsmith alleges causes of action against ACS for: (1) quiet title; (2) cancellation of instruments; (3) breach of contract; and (4) indemnification. (Dkt. no. 1-2 ¶¶ 10-35.) The Court agrees with U.S. Bank that the complaint fails to state a claim against ACS.

**A.   Quiet Title and Cancellation of Instruments**

U.S. Bank argues that ACS does not have, and does not claim, any interest in the disputed property, making any claims against it for quiet title or cancellation of liens meritless. In support, U.S. Bank offers a Trustee's Deed Upon Sale which provides that ACS was acting as a trustee on behalf of an HOA in the context of a foreclosure sale. (Dkt. no. 12-1.) As such, U.S. Bank argues, any property interest ACS had was distinguished by operation of law at the time of the foreclosure sale. (Dkt. no. 12 at 5.) Goldsmith offers no reply to this argument.

///

The Court agrees that Goldsmith has not pled viable causes of action against ACS for quiet title or cancellation of instruments. The complaint alleges that ACS conducted a trustee's sale pursuant to Nevada law. It does not allege that ACS claims or actually has any interest in the disputed property. (Dkt. no. 1-2 ¶ 4.) U.S. Bank has provided evidence indicating that that ACS does not have any adverse interest in the property at issue, and Goldsmith has offered nothing in response.

### B.     Breach of Contract and Indemnification

U.S. Bank argues that the remaining claims for breach of contract and indemnification against ACS are facially deficient for several reasons. First, the claims are not ripe because they hinge on an event that has not yet occurred (the failure of Goldsmith's quiet title claim). (Dkt. no. 10 at 6-7.) Next, there is no contract between Goldsmith and ACS, and even if the Trustee's Deed was considered a contract, it contained express waivers of any warranties. (*Id.*) Lastly, Nevada HOA lien law makes clear that ACS held only a lien interest and could not enter into a contract to sell property. (*Id.*)

Goldsmith contends that its allegation that it "has been assigned any and all of its predecessor's contractual rights for its previous purchase of the Subject Property" indicates that it has a contractual relationship with ACS via assignment. (Dkt. no. 1-2 ¶30; dkt. no. 10 at 4.)

Goldsmith has failed to adequately plead claims against ACS for breach of contract and indemnification. It is not clear from the complaint that a contract exists between Goldsmith and ACS. The complaint alleges ACS conducted a trustee's sale at which a company called Lone Mountain Quartette CA, LLC purchased the disputed property. Lone Mountain then sold the property to another company called Nevada New Builds LLC, who in turn, sold the property to Goldsmith. (Dkt. no. 1-2 ¶ 4.) Even assuming a contractual relationship exists, the Trustee's Deed Upon Sale expressly disclaimed any warranties. (Dkt. no. 12-1 at 2 ("[ACS], as the duly appointed trustee … does hereby GRANT and CONVEY, but without warranty, express or implied ….").)

Thus, there is no allegation or evidence of any agreement between ACS and Goldsmith, let alone any duty to indemnify by ACS.

**IV.    CONCLUSION**

The Court finds that Goldsmith has failed to state any cause of action against ACS and "the failure is obvious according to the well-settled rules of the state." *Morris*, 236 F.3d at 1067. Therefore, for purposes of determining diversity jurisdiction, ACS was fraudulently joined. Once ACS is disregarded, complete diversity exists between the parties.

It is hereby ordered that Plaintiff's Motion to Remand (dkt. no. 10.) is denied.

DATED THIS 26th day of February 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE