UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GOLDSMITH ENTERPRISES, LLC., a Nevada limited liability company,<br><br>Plaintiff,<br>v.<br>U.S. BANK, N.A., DOES I through X and ROE BUSINESS ENTITIES I through X, inclusive,<br><br>Defendants. | Case No. 2:15-cv-00991-MMD-PAL<br><br>ORDER<br><br>(Def.'s Motion for Summary Judgment - ECF No. 29) |
| U.S. BANK, N.A., AS TRUSTEE FOR HARBORVIEW MORTGAGE LOAN TRUST 2005-8, MORTGAGE LOAN PASS-THROUGH CERTIFICATES, SERIES 2005-8,<br><br>Counterclaimant,<br>v.<br>GOLDSMITH ENTERPRISES LLC.,<br><br>Counterclaim-Defendant. | |

**I.    SUMMARY**

Before the Court is Defendant/Counterclaimant U.S. Bank, N.A.'s ("U.S. Bank") Motion for Summary Judgment ("Motion"). (ECF No. 29.) The Court has reviewed Plaintiff/Counterclaim-Defendant Goldsmith Enterprises LLC's ("Goldsmith") response (ECF No. 31) and U.S. Bank's reply (ECF No. 32). The Court also heard argument on the Motion on August 23, 2017. (ECF No. 36.)

For the reasons set out below, the Motion is granted in part and denied in part.

## II. BACKGROUND

The following facts are taken from U.S. Bank's statement of undisputed facts. (ECF No. 29.)

Christine McMahon bought real property within a homeowner association ("HOA") located at 10616 Mountain Stream Ct., Las Vegas, NV 89129 in 2005. Ms. McMahon financed the purchase through a loan in the amount of $220,800.00 secured by a deed of trust ("First Deed of Trust") dated June 2, 2005. MERS assigned the note and First Deed of Trust to U.S. Bank on or about May 17, 2011.

Ms. McMahon failed to pay HOA assessments, and the HOA foreclosed on the property pursuant to state statute in a foreclosure auction on June 12, 2012.[1] The HOA purchased the property at the auction for $4,900.00. The HOA transferred the property to Nevada New Builds, LLC via quitclaim deed dated July 23, 2014 in exchange for $9,250.52. Nevada New Builds, LLC then transferred the property to Goldsmith via a "deed of sale" dated March 25, 2015 in exchange for $78,000.00.

## III. LEGAL STANDARD

Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a dispute is material if it could affect the outcome of the suit under the governing law. *Id.*

Summary judgment is not appropriate when "reasonable minds could differ as to the import of the evidence." *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is [that which is] enough 'to require a jury or judge to

---

[1] Goldsmith suggests that the foreclosure auction took place on January 25, 2012. (ECF No. 31 at 2.) This factual discrepancy is immaterial as discussed in Section IV(C).

2

resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). Decisions granting or denying summary judgment are made in light of the purpose of summary judgment: "to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies the requirements of Rule 56, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008). If a party relies on an affidavit or declaration to support or oppose a motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient . . . ." *Anderson*, 477 U.S. at 252.

**IV.    DISCUSSION**

U.S. Bank moves for summary judgment on its quiet title and injunctive relief counterclaims as well as on Goldsmith's quiet title, cancellation of instruments, and injunctive relief claims. (ECF No. 29 at 1.) U.S. Bank argues that the Ninth Circuit Court of Appeals' decision in *Bourne Valley Court Tr. v. Wells Fargo Bank, NA*, 832 F.3d 1154 (9th

1   Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017), requires this Court to declare that the
2   HOA foreclosure sale did not extinguish U.S. Bank's First Deed of Trust because the sale
3   was conducted under an unconstitutional statute. (*Id.* at 8.) Goldsmith argues that *Bourne
4   Valley* does not bind this Court (ECF No. 31 at 3); that U.S. Bank lacks standing (*id.* at 4);
5   that U.S. Bank's counterclaims are time-barred (*id.* at 5); and that U.S. Bank failed to
6   tender (*id.* at 8-10). The Court finds Goldsmith's arguments unpersuasive.

### A. Applicability of *Bourne Valley*

U.S. Bank argues that *Bourne Valley* requires this Court to declare that the HOA foreclosure sale did not extinguish U.S. Bank's First Deed of Trust. In *Bourne Valley*, the Ninth Circuit held that the opt-in notice scheme established in NRS § 116.3116 *et seq.* (the "Statute")[2] is facially unconstitutional because it requires a lender with a first position deed of trust to affirmatively request notice of an HOA's intent to foreclose, violating the lender's due process rights. 832 F.3d at 1156. The Ninth Circuit made this decision in light of the Nevada Supreme Court's decision in *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 412 (Nev. 2014), in which the state supreme court interpreted the Statute to give an HOA a "superpriority" lien on a homeowner's property for up to nine months of unpaid HOA dues that, when foreclosed upon, extinguished all junior interests in the property. *See Bourne Valley*, 832 F.3d at 1156-57. Thus, the Ninth Circuit found that enactment of the Statute's opt-in notice scheme "unconstitutionally degraded [the first position lienholder's] interest" and that but for this scheme the first position lienholder's rights in the property would not be extinguished. *Id.* at 1160.

Goldsmith argues that this Court should follow the Nevada Supreme Court's—not the Ninth Circuit's—rulings on the Statute. The Nevada Supreme Court rejected due process challenges to the Statute in two decisions. The first decision, decided before *Bourne Valley*, is *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 412 (Nev. 2014).

///

---

[2]The *Bourne Valley* court referred to NRS § 116.3116 *et seq.* as "the statute." 832 F.3d at 1156. Sections 116.3116 through 116.3117 create the framework by which HOAs may foreclose on their liens through a nonjudicial sale.

4

There, the Nevada Supreme Court rejected a mortgage lender's due process challenge to the Statute. *Id.* at 418. The second decision, decided after *Bourne Valley*, is *Saticoy Bay LLC Series 350 Durango 104 v. Wells Fargo Home Mortg., a Division of Wells Fargo Bank, N.A.*, 388 P.3d 970 (Nev. 2017). There, the Nevada Supreme Court held that the foreclosure procedures under the Statute do not violate first position lienholders' due process rights under both the Nevada and United States Constitutions. *Id.* at 972-74.

Goldsmith's first argument fails because the Ninth Circuit found that the Statute's opt-in notice scheme was unconstitutional under the *federal* constitution. *Bourne Valley*, 832 F.3d at 1157. This Court is not bound by the Nevada Supreme Court's holdings to the contrary. *See Watson v. Estelle*, 886 F.2d 1093, 1095 (9th Cir. 1989) (stating that the decision of a state supreme court construing the United States Constitution is not binding on federal courts). Therefore, *Bourne Valley* applies to this Court's determination of whether the HOA's foreclosure sale extinguished U.S. Bank's First Deed of Trust.

**B.     Standing**

Goldsmith further argues that U.S. Bank lacks injury to establish standing because U.S. Bank received actual notice of the HOA's foreclosure sale. (ECF No. 31 at 4.) Whether U.S. Bank received actual notice, however, is immaterial. "The factual particularities surrounding the foreclosure notices in this case—which would be of paramount importance in an as-applied challenge—cannot save the facially unconstitutional statutory provisions." *Bank of Am., N.A. v. Regency Vill. Owner's Ass'n, Inc.*, No. 216-cv-00496-GMN-CWH, 2017 WL 3567520, at *3 (D. Nev. Aug. 17, 2017). The Ninth Circuit held that the Statute was unconstitutional on its face, i.e., "in each and every application." *Id.* Thus, "no conceivable set of circumstances exists under which the provisions would be valid." *Id.* Even if U.S. Bank received actual notice, it still suffered a deprivation of its constitutional due process rights because the sale proceeded under an unconstitutional statute. This injury is sufficient to ground standing.

///

///

### C. Statute of Limitations

Goldsmith further argues that U.S. Bank's counterclaims are time-barred. (ECF No. 31 at 5.) In HOA foreclosure cases such as this, this Court has held that a cause of action accrues at the time of the foreclosure sale. *See, e.g.*, *Bank of Am., N.A. v. Nevada Trails II Cmty. Ass'n*, No. 2:16-cv-880-JCM-PAL, 2017 WL 2960521, at *4 (D. Nev. July 11, 2017); *Nationstar Mortg., LLC v. Falls at Hidden Canyon Homeowners Ass'n*, No. 2:15-cv-01287-RCJ-NJK, 2017 WL 2587926, at *2 (D. Nev. June 14, 2017). Here, the foreclosure sale took place either on January 25, 2012 (ECF No. 31 at 2) or on June 12, 2012 (ECF No. 32 at 8). The statute of limitations for quiet title claims in Nevada is five years. *Scott v. Mortg. Elec. Registration Sys., Inc.*, 605 F. App'x 598, 600 (9th Cir. 2015) (citing NRS §§ 11.070, 11.080). U.S. Bank asserted its counterclaims on June 12, 2015, well within the statute of limitations even if the foreclosure sale took place on January 25, 2012. Consequently, U.S. Bank's counterclaims are not time-barred.

### D. Tender

Goldsmith further argues that U.S. Bank failed to tender the HOA's superpriority lien because U.S. Bank only offered to pay instead of "physically send[ing] and/or deliver[ing] a check to [HOA's trustee]." (ECF No. 31 at 8.) This is immaterial. Whether U.S. Bank successfully tendered or not, the foreclosure sale violated U.S. Bank's procedural due process rights. This Court may remedy that injury.

### E. Equitable Relief

U.S. Bank requests that this Court hold that the HOA foreclosure sale did not extinguish its First Deed of Trust. (ECF No. 29 at 8.) "At common law, courts possessed inherent equitable power to consider quiet title actions, a power that required no statutory authority." *Shadow Wood Homeowners Ass'n, Inc. v. N.Y. Cmty. Bancorp, Inc.*, 366 P.3d 1105, 1111 (Nev. 2016) (internal citation omitted); *see also Humble Oil & Ref. Co. v. Sun Oil Co.*, 191 F.2d 705, 718 (5th Cir. 1951) (An action for quiet title "is a purely equitable proceeding."). Thus, equitable relief may be granted in defective HOA lien foreclosure sales. *Shadow Wood,* 366 P.3d at 1107 ("We . . . reaffirm that, in an appropriate case, a

court can grant equitable relief from a defective HOA lien foreclosure sale."). Equitable relief powers are broad. *Brown v. Plata*, 563 U.S. 493, 538 (2011) ("the scope of a district court's equitable powers . . . is broad, for breadth and flexibility are inherent in equitable remedies.") (internal quotation marks and citation omitted). A court granting equitable relief should weigh the equities involved, including equity to the public. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26 (1994) ("As always when federal courts contemplate equitable relief, our holding must also take account of the public interest.").

The Court finds that the most equitable remedy under the circumstances here is to declare that U.S. Bank's First Deed of Trust still encumbers the property, a holding consistent with U.S. Bank's requested relief and the ruling in *Bourne Valley*. This remedy is equitable with respect to the parties in this case as well as to the general public. As to U.S. Bank, this declaration remedies the injury it suffered as a result of the unconstitutional opt-in notice scheme, namely the extinguishment of its lien on the property. As to the HOA, this remedy allows the sale to remain intact, thereby ensuring that the delinquent assessments for which the HOA foreclosed upon the property remain satisfied.[3] As to Goldsmith, this result is equitable because the purchase of the property entailed a risk that the statutory framework that enabled the HOA to sell the property at such a discounted price would be found to be unconstitutional (as litigation challenging the constitutionality of the opt-in notice scheme in federal and state court had already begun). As to the general public, this remedy is equitable because it preserves market stability. Alternatives such as setting aside the foreclosure sale would create chaos, as both parties agreed at the hearing on August 23.

Therefore, the Court resolves Goldsmith's quiet title claim and U.S. Bank's quiet title counterclaim in favor of U.S. Bank. The Court denies summary judgment with respect

///

///

---

[3] If the Court were to invalidate the sale, the HOA would face the additional difficulty and expense of tracking down Ms. McMahon. Moreover, the HOA would have to foreclose upon the property once again in order to satisfy the nine months of delinquent assessments in the event Ms. McMahon declined to cure the default.

to Goldsmith's remaining claims and U.S. Bank's remaining counterclaim as those claims are now moot.

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion or reconsideration as they do not affect the outcome of U.S. Bank's Motion.

It is therefore ordered the Defendant U.S. Bank's Motion for Summary Judgment (ECF No. 29) is granted in part and denied in part. It is granted with respect to U.S. Bank's quiet title counterclaim and Goldsmith's quiet title claim. The Court finds that the HOA foreclosure sale did not extinguish U.S. Bank's First Deed of Trust, which continues to encumber the property.

The Clerk is instructed to enter judgment in favor of U.S. Bank on both its quiet title claim and Goldsmith's quiet title claim.

The Clerk is further instructed to close this case.

DATED THIS 20th day of September 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE